IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAYNE MICHAEL MARTEN, # A6094402, | Civil No. 22-00393 SOM-WRP |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH PARTIAL LEAVE TO AMEND |
| v. | |
| HALAWA CORRECTIONAL FACILITY, *et al.*, | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT WITH
PARTIAL LEAVE TO AMEND**

Before the Court is a Prisoner Civil Rights Complaint ("Complaint") filed by

pro se Plaintiff Chayne Michael Marten ("Marten") pursuant to 42 U.S.C. § 1983.[1]

ECF No. 1.  Marten alleges that Defendants violated the Eighth Amendment by

denying him adequate medical care at the Halawa Correctional Facility ("HCF"), a

state prison facility.[2]  *Id.*  After conducting the screening required by 28 U.S.C.

§ 1915A(a), the Court DISMISSES the Complaint with partial leave granted to

---

[1] Marten is currently incarcerated at the Halawa Correctional Facility.  *See* ECF No. 1 at 1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6094402"; and select "Search") (last visited Sept. 22, 2022).

[2] Marten names as Defendants the HCF, the State of Hawaii, the Department of Public Safety ("DPS"), and DPS Director Max N. Otani.  ECF No. 1 at 1.

amend.  *See* 28 U.S.C. § 1915A(b).  If Marten wants this action to proceed, he must file an amended pleading that cures the deficiencies in his claims on or before October 24, 2022.  In the alternative, Marten may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

## I.  <u>STATUTORY SCREENING</u>

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen all civil actions filed by prisoners seeking redress from a government entity or an officer or employee of a government entity.  *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016).  During screening, the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915A(b); *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  "If the . . . court determines that any of these grounds is satisfied, it must dismiss the case, and enter a 'strike' against the plaintiff prisoner."  *Byrd*, 885 F.3d at 641.

Failure to state a claim under 28 U.S.C. § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citation omitted).  Under this standard, a complaint must "contain sufficient

2

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

During screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). When it is clear a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND[3]

Marten signed the Complaint on August 16, 2022, and the Court received and filed the Complaint on August 25, 2022. ECF No. 1. The Court received the fees associated with this action on September 20, 2022. ECF No. 4.

In Count I, Marten alleges that unnamed prison officials denied him adequate medical care immediately after he slipped on a puddle and fell at the HCF

---

[3] At screening, Marten's well-pleaded factual allegations are accepted as true. *See, e.g.,* *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

on August 21, 2020.  ECF No. 1 at 5.  The fall caused unspecified injuries to

Marten's neck and back.  *Id.*  Marten alleges that someone gave him ice when he

should have been sent to a hospital.  *Id.*  Marten had to wait three weeks to see a

doctor and for X-rays to be taken.  *Id*.  He had to wait eighteen months to see a

neurosurgeon.  *Id*.

In Count II, Marten alleges that, after the fall, he endured "months of pain"

with "little medications" to help him.  *Id*. at 6.  He experienced "sleepless nights"

and "severe pain."  *Id*.  Although Marten was told that no neurosurgeon would

treat him, his wife eventually found a doctor at the Queen's Medical Center who

would see him.  *Id*.  Deputy Warden Calvin Mock, who is not named as a

Defendant, scheduled an appointment for Marten to see this neurosurgeon.  *Id*.

Marten seeks unspecified damages based on his claims.  *Id*. at 8.

### III.  DISCUSSION

**A.  Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a

right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state

law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a

connection or link between a defendant's actions and the plaintiff's alleged

deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v.*

*Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167

(9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional

right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required

to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*,

588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege

that he suffered a specific injury because of a particular defendant's conduct and

must affirmatively link that injury to the violation of his rights.

## B. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court

against a state, its agencies, and state officials acting in their official capacities."

*Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation

omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03

(1984). It does not bar official-capacity suits for prospective relief to enjoin

alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d

1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491

U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in

their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v.*

*Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Marten names four Defendants, including the HCF, State of Hawaii, and DPS.  ECF No. 1 at 1.  Any claims against these three Defendants are barred by the Eleventh Amendment and therefore DISMISSED with prejudice.  *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997) ("We . . . agree with the district court that the State of Hawaii is entitled to the protections of sovereign immunity under the Eleventh Amendment." (citation omitted)); *Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) (mem.) ("The district court properly dismissed [plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment." (citation omitted)); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, Civ. No. 1:19-cv-0040 LEK-KJM, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").

Marten names the remaining Defendant, Max Otani, only in his official capacity as the head of the DPS.  *See* ECF No. 1 at 1.  To the extent Marten seeks damages from Otani in his official capacity as a state employee, these claims are also barred by the Eleventh Amendment and therefore DISMISSED with prejudice.  *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity." (citation omitted)).

Marten may amend his pleading, however, to name a proper defendant or defendants.  To the extent Marten seeks damages, he must name in his or her individual capacity a defendant or defendants who allegedly deprived him of rights secured by the Constitution or federal statutes.  *See id.* (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities" (emphasis in original)).  If Marten decides to file an amended pleading, he must also consider the following legal standards.

## C.  Supervisory Liability

There is no *respondeat superior* liability under 42 U.S.C. § 1983.  *Vazquez v. County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  "A supervisory official may be held liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (internal quotation marks and citations omitted).  "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have

known would cause others to inflict a constitutional injury." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (internal quotation marks and citations omitted).

"Thus, a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks and citation omitted). A "claim that a supervisory official knew of unconstitutional conditions and culpable actions of his subordinates but failed to act amounts to acquiescence in the unconstitutional conduct of his subordinates and is sufficient to state a claim of supervisory liability." *Keates*, 883 F.3d at 1243 (internal quotation marks and citation omitted).

Marten names DPS Director Max Otani as a Defendant. ECF No. 1 at 1. Marten does not allege, however, that Otani was personally involved in any constitutional violation. Nor does he allege a causal connection between Otani's conduct and a constitutional violation. Indeed, Marten does not even mention Otani in either of the Complaint's two counts. *See id.* at 5–6. Marten cannot state a claim against Otani solely because of his supervisory position with the DPS. *See DePaepe v. White*, Civ. No. 20-00198 JAO-WRP, 2020 WL 6531006, at *3–4 (D. Haw. Nov. 5, 2020) ("Because [Plaintiff] alleges no facts showing [DPS

Director's] personal involvement in his claims, he fails to state a colorable claim against [him].").

## D. Eighth Amendment

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments." U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). Although the Constitution "'does not mandate comfortable prisons,'" it does not "permit inhumane ones[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Prison officials, therefore, may not use excessive physical force against prisoners, they "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Id.* (citations omitted).

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and one subjective." *Norbert v. County of San Francisco*, 10 F.4th 918, 927 (9th Cir. 2021) (quotation marks and citations omitted). Under the objective requirement, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)

(quotation marks and citations omitted).  Thus, "extreme deprivations are required

to make out a conditions-of-confinement claim."  *Id.*; *LeMaire v. Maass*, 12 F.3d

1444, 1456 (9th Cir. 1993).  The subjective requirement, relating to the prison

official's state of mind, requires "deliberate indifference to inmate health or

safety."  *Farmer*, 511 U.S. at 834 (quotation marks and citations omitted).  This is

a "high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

"[A] prison official may be held liable under the Eighth Amendment for denying

humane conditions of confinement only if he knows that inmates face a substantial

risk of serious harm and disregards that risk by failing to take reasonable measures

to abate it."  *Farmer*, 511 U.S. at 847.

### 1.  Denial of Adequate Medical Care

Marten alleges in Counts I and II that he was denied adequate medical care

at the HCF.  ECF No. 1 at 5 –6.

"Individuals in state custody have a constitutional right to adequate medical

treatment."  *Sandoval*, 985 F.3d at 667 (citing *Estelle v. Gamble*, 429 U.S. 97,

104–05 (1976)).  "For inmates serving custodial sentences following a criminal

conviction, that right is part of the Eighth Amendment's guarantee against cruel

and unusual punishment."  *Sandoval*, 985 F.3d at 667.

"In order to prevail on a claim under the Eighth Amendment for inadequate

medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical

10

needs.'"  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  "This includes both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."  *Id.* (quotation marks omitted).

To meet the objective element, a plaintiff must first demonstrate the existence of a serious medical need.  *Estelle*, 429 U.S. at 104.  Such a need exists if failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain."  *Edmo v. Corizon*, 935 F.3d 757, 785 (9th Cir. 2019) (per curiam) (quotation marks omitted).  "Examples of serious medical needs include [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *Lopez*, 203 F.3d at 1131 (internal quotation marks omitted).  "Serious medical needs can relate to physical, dental and mental health."  *Edmo*, 935 F.3d at 785 (quotation marks omitted).

If a prisoner "establishes a sufficiently serious medical need, he must then show the [official's] response to the need was deliberately indifferent."  *Edmo*, 935 F.3d at 786 (quotation marks omitted).    The indifference to a prisoner's medical needs must be "substantial."  *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081–82 (9th Cir. 2013).  "Mere 'indifference,' 'negligence' or 'medical

malpractice'" will not support a denial-of-medical-care claim. *Id.* at 1082. "Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." *Id.* "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo*, 935 F.3d at 786 (quotation marks omitted) (brackets in original).

### a. Count I

In Count I, Marten alleges that he slipped on a puddle and fell.[4] ECF No. 1 at 5. He has not plausibly alleged, however, a serious medical need. Although Marten alleges that the fall caused "injury to [his] neck and back," he does not describe the nature of his injuries. In addition, while Marten states that he eventually had X-rays taken, he does not say what those images revealed. For example, Marten does not allege that the X-rays revealed any broken bones. Thus, Marten has not plausibly alleged that he had a serious medical need immediately after he fell.

---

[4] Marten properly does not contend that the puddle alone constituted a hazardous condition of confinement. *See LeMaire*, 12 F.3d at 1457 ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." (internal quotation marks and citation omitted)); *see also Sharrott v. Halawa Prison ADA Compliance Team*, Civ. No. 18-00486 JMS-RT, 2019 WL 191638, at \*4 (D. Haw. Jan. 14, 2019) ("Courts have generally concluded that prisoners fail to state a constitutional claim regarding simple slip and fall accidents in prisons.").

Even if Marten could identify a serious medical need, he also has not

plausibly alleged that a prison official acted with deliberate indifference to that

need.  For example, Marten does not say who he complained to about the pain that

he was experiencing, what he told them, and how they responded.  Although

Marten may disagree with the treatment that he received, this is not enough to state

an Eighth Amendment claim because "[a] difference of opinion between a

physician and the prisoner—or between medical professionals—concerning what

medical care is appropriate does not amount to deliberate indifference." *Snow v.*

*McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240,

242 (9th Cir. 1989)), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d

1076, 1083 (9th Cir. 2014) (en banc).

### b.  Count II

In Count II, Marten alleges that prison officials also denied him adequate

medical care for months after the fall.  ECF No. 1 at 6.

According to Marten, he experienced "sleepless nights" and "severe pain"

for months.  *Id.*  Liberally construed, Marten plausibly alleges a serious medical

need.  Despite this, Marten has not plausibly alleged that a prison official acted

with deliberate indifference to these needs.  Again, Marten does not say who he

complained to about his inability to sleep or the pain he was experiencing, what he

said to that person, and how they responded.  Indeed, Marten acknowledges that he

received a "little medication[] to help [him]." *Id.* He also acknowledges that

Deputy Warden Mock scheduled an appointment after Marten's wife confirmed

that a neurosurgeon would see him. *Id.* Given all of this, Marten has not plausibly

alleged that any prison official acted with deliberate indifference during the months

after Marten's fall.

Marten's claims based on the medical care he received at the HCF are

therefore DISMISSED with leave granted to amend.

## IV. LEAVE TO AMEND

The Complaint is DISMISSED with partial leave granted to amend. Marten

may file an amended pleading on or before October 24, 2022. Marten may not

expand his claims beyond those already alleged herein or add new claims, without

explaining how those new claims relate to the claims alleged in the Complaint or

why new claims are warranted at the time an amended document is submitted.

Claims that are not related or warranted may be subject to dismissal.

Marten must comply with the Federal Rules of Civil Procedure and the

Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended

complaint be complete in itself, without reference to any prior pleading. An

amended complaint must be short and plain, comply with Rule 8 of the Federal

Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights

form. *See* LR99.2(a). An amended complaint will supersede the preceding

complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th

Cir. 2015).  Except with respect to parties and claims dismissed with prejudice in

this order, any failure to rename a Defendant or to reassert a claim in an amended

complaint may be deemed a voluntary dismissal of that party or claim.  *See Lacey*

*v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V.  28 U.S.C. § 1915(g)

If Marten fails to file an amended complaint or is unable to amend his claims

to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C.

§ 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action

or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1) The Complaint, ECF No. 1, is DISMISSED for failure to state a claim

pursuant to 28 U.S.C. § 1915A(a).

(2) Marten may amend his pleading, however, by curing the deficiencies in

his claims on or before October 24, 2022.

15

(3) Failure to timely file an amended pleading may result in AUTOMATIC

DISMISSAL of this suit without further notice, and Marten may incur a strike

under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, Marten may voluntarily dismiss this action

pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not

count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send Marten a blank prisoner civil rights

complaint form so that he can comply with this order if he elects to file an

amended pleading.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 23, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge