```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF HAWAII

CHAYNE MICAEL MARTEN,        )   CIVIL NO. 22-00393 SOM-WRP
                             )
         Plaintiff,          )
                             )   ORDER DENYING MARTEN'S
    vs.                      )   MOTION FOR A CONTINUANCE
                             )   AND FOR COURT-APPOINTED
MOANIKEALA CUMMINGS AND      )   PRO BONO COUNSEL
TINA AGARAN,                 )
                             )
         Defendants.         )
_____)
```

**ORDER GRANTING IN PART AND DENYING IN PART MARTEN'S MOTION FOR A CONTINUANCE AND FOR COURT-APPOINTED PRO BONO COUNSEL**

Before the court is pro se Plaintiff Chayne Michael Marten's Motion seeking (1) a continuance, (2) an order that Defendants Moanikeala Cummings and Tina Agaran provide him documents filed under seal in support of their Motion for Summary Judgment, (3) and an order appointing pro bono counsel. ECF No. 83.

For reasons discussed herein, the court grants in part and denies in part Marten's Motion.

I.      **BACKGROUND.**

The factual and procedural background for this case was set forth in the court's Order of January 23, 2023, ECF No. 19. That background is incorporated by reference.

Relevant to Marten's instant motion, on April 30, 2024, Defendants moved to file under seal a memorandum in support, a concise statement of material facts, and exhibits

1

related to a then-forthcoming motion for summary judgment. ECF No. 73. On May 3, the magistrate judge assigned to this case mailed Marten a copy of his order granting Defendants' motion. ECF No. 74. That same day, Defendants filed their Motion for Summary Judgment; redacted versions of their Memorandum in Support, Concise Statement of Material Fact, and Exhibits; and unredacted versions of these documents under seal. ECF Nos. 75, 76, 77, 78 (sealed), 79 (sealed).

On May 10, the court received Marten's instant motion, which he appears to have drafted on May 5. ECF No. 83, PageID # 532. In this motion, Marten requests a ninety-day continuance of trial in order to obtain the documents that the Defendants moved to file under seal, to reply to the Defendant's Motion for Summary Judgment, and to prepare for trial. *Id.* at PageID # 530. He also requests that the court appoint pro-bono counsel for him. *Id.* at PageID # 531.

**II.     DISCUSSION.**

    **A.     Request for a Continuance.**

The court construes Marten's motion for a continuance of trial to be a request for a continuance of the hearing on Defendants' Motion for Summary Judgment, scheduled for June 12, 2024. *See* ECF No. 80.

In the intervening time between Marten's drafting of the instant motion (May 5) and its filing with the court (May

2

10), Defendants served Marten via U.S. mail with the sealed documents in issue. ECF No. 81 (Certificate of Service entered on May 6, 2024).  Marten should now be or will shortly be in possession of the documents.

The court is aware that Marten's receipt of documents served via U.S. mail will be delayed given the realities of prison administration.  Therefore, the court grants the request to continue the hearing by one week.  The new hearing date is June 19, 2024, at 10:00 a.m.  Marten's Opposition to the Defendants' Motion for Summary Judgment is due on May 29, 2024.

To the extent Marten seeks a trial continuance, he does not explain why a continuance is needed.  There may well be reasons to continue the trial, which Marten may bring to the court's attention in a subsequent motion.

**B.  Appointment of Counsel.**

"Generally, a person has no right to counsel in civil actions."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).  Nevertheless, the court "may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Id.*  In determining whether "exceptional circumstances" exist, the court must consider a litigant's "likelihood of success on the merits" as well as the litigant's ability "to articulate his claims pro

se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotations omitted).

Here, the magistrate judge has denied Marten's requests for the appointment of civil pro bono counsel because Marten's application for in forma pauperis status was denied and he is thus not eligible for court-appointed civil counsel under § 1915(e)(1). ECF Nos. 82, 70. This court agrees with the magistrate judge's conclusion. *See, e.g.*, *Loftus v. H&R Block*, No. 20-00568 JMS-KJM, 2021 WL 6497511, at *2 (D. Haw. Jan. 20, 2021); *Hopkins v. Rsch. Corp.*, No. CV 19-00054 JMS-KJM, 2019 WL 1292290, at *2 (D. Haw. Mar. 20, 2019). If Marten's circumstances have changed such that he believes he is now eligible for in forma pauperis status, he may submit a new in forma pauperis application and a new request for counsel.

**III.   CONCLUSION.**

The court GRANTS Marten's request to continue the hearing on Defendant's Motion for Summary Judgment. The hearing is now scheduled for June 19, 2024 at 10:00 a.m.

Marten's Opposition to the Defendants' Motion for Summary Judgment is due on May 29, 2024.

To the extent Marten seeks a continuance of trial, the court DENIES the request to continue trial at this time, without prejudice to revisiting this matter at a later date. How the

4

court rules on the pending summary judgment motion may affect any future request.

The court DENIES Marten's request for court-appointed pro bono counsel because Marten has not established in forma pauperis status.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 13, 2024.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Marten v. Cummings et al.*, Civ. No. 22-00393 SOM-WRP; ORDER GRANTING IN PART AND DENYING IN PART MARTEN'S MOTION FOR A CONTINUANCE AND FOR COURT-APPOINTED PRO BONO COUNSEL.